LE ROY E. RHODES, JR., Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

Third Department, January 11, 1963.

500

*Carroll & Amyot* (*James F. Carroll* of counsel), for appellant.

*Carusone & Carusone* (*George E. Toomey* of counsel), for respondent.

HERLIHY, J.  Plaintiff was injured while riding as a passenger in an automobile owned by James Havelin when it was in collision with an automobile owned and operated by Robert Askew. Thereafter plaintiff instituted an action against Askew in the Supreme Court of Saratoga County to recover for his personal injuries. That action was eventually settled and the plaintiff executed a general release for a named consideration, in which he made no reservation of any right against Havelin.  Subsequently, he made demand on Havelin and his insurance company, the defendant-respondent herein, for the payment of $553.28 under the terms of a provision in the policy known as the "family compensation plan" and which, in part, provided: "D FAMILY COMPENSATION.  To pay, in accordance with the schedule below and *subject to the execution and delivery of a complete release of the liability of the Company and all persons entitled to the protection of this policy under Coverage C(2),* hereinafter called Insured, *irrespective of such liability,* to or for the benefit of: (1) any person who suffers bodily injury,

sickness, disease or death by reason of any accident arising out of the ownership, maintenance or use of the described automobile." (Emphasis added.)

When the insurance carrier failed to make payment, this action was instituted in the Saratoga Springs City Court to recover the amount claimed. The defendant in its answer sets forth a defense as follows:

"4. That it was provided in said liability policy, and more particularly in the family compensation portion thereof, as follows:

"'There shall be no liability under this coverage to anyone who has

"'(2) executed any other release of the liability of Insured for such injury, sickness, disease or death.' * * *

"7. That by virtue of said general release to said Askew plaintiff thereby released any liability of said insured, James Havelin, to the plaintiff."

Thereafter plaintiff moved in the City Court for summary judgment, which was denied, and judgment dismissing the complaint was granted to the defendant.

Under the terms of the policy, the defendant gave the injured person the choice of (1) suing the insured for negligence or (2) taking schedule payments, irrespective of the negligence of the insured.

Although there was no allegation that Havelin and Askew were joint tort-feasors the release, without reservation, in favor of Askew, operated as a complete defense to any tort action in negligence which might be instituted thereafter by the plaintiff against Havelin.

The question on this appeal is whether such a release is a bar to plaintiff's recovery under the "family compensation plan" which is a contractual agreement between the insured and the defendant insurance company. The plaintiff is a third-party beneficiary of such contract and if consideration need be shown by him, which we do not decide, the release to Askew of all tort liability as to the insured and the defendant would be sufficient. The plaintiff's right against Havelin, the insured, under the policy was in the alternative; to recover in tort liability or to be paid under the family schedule, in accordance with defendant insurer's contractual liability. When plaintiff settled with the third-party tort-feasor Askew, without reservation, he impliedly gave insurer notice of his election to recover under the family schedule just as effectively as if he had made and executed a release to the insured Havelin.

The intent of the policy of the defendant is that it should only pay once but there is no sound basis for holding that because plaintiff settled for tort liability with a third party, that he released the defendant from more than "a corresponding claim for the same kind of liability".

The insurance company agreed "to pay, in accordance with the schedule and subject to the execution and delivery of a complete release of the liability of the Company and all persons [not limited to execution and delivery to the Company] entitled to the protection of this policy under Coverage C(2), hereinafter called Insured, irrespective of such liability, to  *  *  *  any person who suffers bodily injury  *  *  *  by reason of any accident arising out of the ownership, maintenance or use of the described automobile."

The reasonable interpretation of this part of the contract is that an injured person literally complies with the condition precedent to recovery under the "family compensation plan" when he executes and delivers to the Company *or to a third party* (a tort-feasor) an instrument which releases the "liability of the Company and all persons entitled to the protection of [the] policy under Coverage C(2)". It is rather doubtful whether the average policyholder or the individual entitled to the benefits of the "family compensation plan" would attribute to the exclusory clause the construction urged by defendant company. To derive any benefit from the exclusory clause, defendant was obliged to show that its own construction is the only one that fairly can be placed on the policy (*Sincoff* v. *Liberty Mut. Fire Ins. Co.*, 11 N Y 2d 386, 390). The terms and conditions of an insurance policy are ordinarily not available for inspection by a third party.

We are satisfied that the policy was intended to provide for a right of election to recover either in tort liability or under the contractual terms and that the execution of a release by the plaintiff herein, without reservation, was notice to the defendant insurance company of such an election. Accordingly, the complaint should not have been dismissed.

Judgment should be reversed, on the law, and the matter remitted to the City Court of Saratoga Springs for a determination not inconsistent with this opinion.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and matter remitted to the City Court of Saratoga Springs for a determination not inconsistent with the opinion herein.